```
 1 │ GEORGE S. CARDONA
   │ Acting United States Attorney
 2 │ THOMAS P. O'BRIEN
   │ Assistant United States Attorney
 3 │ Chief, Criminal Division
   │ DOROTHY C. KIM
 4 │ Assistant United States Attorney (Cal. Bar No.: 206333)
   │ Environmental Crimes Section
 5 │      1300 United States Courthouse
   │      312 North Spring Street
 6 │      Los Angeles, California 90012
   │      Telephone: (213) 894-3779
 7 │      Facsimile: (213) 534-4300
   │      E-Mail: dorothy.kim@usdoj.gov
 8 │
   │ Attorney for Plaintiff
 9 │ United States of America
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 07-214 |
|---|---|
| Plaintiff, | ) PLEA AGREEMENT FOR DEFENDANT |
| v. | ) USA TRANSPORT, INC. |
| USA TRANSPORT, INC. and GARY LESLIE, | ) |
| Defendants. | ) |

1.  This constitutes the plea agreement (the "Agreement") between USA TRANSPORT, INC. ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This Agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities. The parties enter into the following Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

## PLEA TO INFORMATION

2. Defendant gives up the right to indictment by a grand jury and agrees to plead guilty to a one-count information charging defendant with making a false statement in violation of 18 U.S.C. § 1001.

3. Defendant will enter its guilty plea through its counsel of record, authorized by resolution of defendant's Board of Directors, or authorized corporate or company officer.

## NATURE OF THE OFFENSE

4. In order for defendant to be guilty of count one, which charges a violation of Title 18, United States Code, Section 1001, the following must be true: (1) defendant, through its employees and agents, made a false statement in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"); (2) defendant, through its employees and agents, acted willfully, that is deliberately and with knowledge that the statement was untrue; and (3) the statement was material to the FBI's activities or decisions.

Defendant admits that defendant is, in fact, guilty of the offense as described in count one of the information.

Under well-established principles of corporate liability and *respondeat superior*, as these principles apply in this case, the defendant is liable for the actions of its agents and employees. New York Central and Hudson River R.R. v. United States, 212 U.S. 481, 495 (1909); United States v. Beusch, 596 F.2d 871, 877 (9th Cir. 1979); United States v. Hilton Hotels Corporation, 467 F.2d

1000, 1004-07 (9th Cir. 1972).

## PENALTIES

5. The statutory maximum sentence that the Court can impose on an organization for a felony conviction of 18 U.S.C. § 1001, is a term of five years probation, pursuant to 18 U.S.C. § 3561(c)(1), a fine of $500,000, pursuant to 18 U.S.C. § 3571(c)(3), or twice the gross gain or gross loss resulting from the offense, whichever is greatest, pursuant to 18 U.S.C. § 3571(d), and a special assessment of $400, pursuant to 18 U.S.C. § 3013(a)(2)(B).

## FACTUAL BASIS

6. Defendant and the USAO agree and stipulate to the following statement of facts:

Defendant was engaged in the business of transporting waste on behalf of clients. Defendant had offices in Adelanto, California, and Shafter, California. Defendant was owned and operated by co-defendant Gary Leslie.

On or about December 3, 1999, NEC Electronics, Inc. ("NEC") signed a contract with defendant, in which NEC agreed to pay defendant for removing and handling NEC's calcium fluoride sludge wastes. In that agreement, defendant agreed that it would "ensure that the end user will use the Calcium Fluoride Sludge in an environmentally sound manner." Defendant further agreed that it would "ensure that [USA Transport] and the end user will handle the Calcium Fluoride Sludge at all times as an Excluded Recyclable Material." Under California law, calcium fluoride is

3

an "excludable recyclable material." California Code of Regulations, Title 22, Chapter 11. Therefore, it must either be properly recycled or handled as a hazardous waste. California Portland Cement Co. ("CPC") is a facility that is approved to recycle calcium fluoride. Calcium fluoride is not a hazardous waste under the Resource Conservation and Recovery Act.

Beginning in or around July 2000, to August 2005, Gary Leslie directed USA Transport drivers to deliver loads from NEC to a farm, located in Wasco, California ("the farm"), that was operated by Leslie, rather than to a recycling facility. Leslie further directed such drivers to apply the calcium fluoride sludge directly onto the land at the farm. As Leslie well knew, such application was unlawful under California law and a violation of defendant's agreement with NEC.

On or about August 8, 2005, Leslie was interviewed by a Special Agent of the Federal Bureau of Investigation ("FBI"), who was investigating whether defendant and Leslie in fact transported NEC's calcium fluoride to CPC. At that time, Leslie told the Special Agent that USA Transport employees regularly transported calcium fluoride to CPC, and sometimes to another cement company called Riverside Cement. Leslie made this false statement willfully. As Leslie well knew, his statement was false because USA Transport employees had been delivering loads of calcium fluoride to the farm and applying such calcium fluoride to the land. The statement was material to the FBI.

In addition, defendant failed to maintain numerous driver's

logs for a period of six months, including driver's logs for drivers who picked up calcium fluoride from NEC, in violation of 49 C.F.R. § 395.8(k).

## WAIVER OF CONSTITUTIONAL RIGHTS

7. By pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to the assistance of counsel at trial.

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e. The right to confront and cross-examine witnesses against defendant.

   f. The right to call witnesses to testify on defendant's behalf and to subpoena those witnesses to testify.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, constitutional claims, and other pretrial motions that have been filed or could be filed.

## SENTENCING FACTORS

8. Defendant and the USAO agree and stipulate that, pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 8C2.1 and 8C2.10, the sentencing guidelines are not applicable in determining the fine for an organization.

9. Pursuant to Federal Rule of Criminal Procedure

1  11(c)(1)(C), the parties agree and stipulate that the sentence to
2  be imposed by the Court shall be as follows:
3         a.  Defendant shall pay a total criminal fine of
4  $250,000.  Payment of the $250,000 criminal fine shall be made in
5  five installments of $50,000 each, in the form of a cashier's
6  check payable to the Clerk of the United States District Court of
7  the Central District of California.  The first installment shall
8  be paid at or before the time of sentencing.  The remaining four
9  installments shall be paid in one year increments.
10        b.  Pursuant to U.S.S.G. §§ 8D1.1 and 8D1.2, defendant
11 shall also be sentenced to a term of probation of five years,
12 based upon the following factors set forth in 18 U.S.C.
13 § 3553(a): The nature and circumstances of the offense and the
14 history and characteristics of the defendant; and the need for
15 the sentence imposed to reflect the seriousness of the offense,
16 to promote respect for the law, to provide just punishment for
17 the offense, and to afford adequate deterrence to criminal
18 conduct.  The terms and conditions of probation shall include the
19 following:
20        i.  Defendant shall commit no further violations
21 of federal, state or local law.
22        ii.  If defendant changes its name, the renamed
23 company shall be obliged to meet all of the obligations of
24 defendant under this Agreement.  If defendant merges with another
25 company through stock or asset purchase, the newly-created or
26 merged company shall be obliged to meet all of the obligations of
27
28                                6

defendant under this agreement.

10. Defendant agrees to pay to the Clerk of the Court for the United States District Court for the Central District of California on the date of sentencing (or as soon as the Court is able to accept the payment) the mandatory special assessment of $400 as to Count One, pursuant to 18 U.S.C. § 3013(a)(2)(B).

11. There is no agreement as to defendant's criminal history or criminal history category.

12. The Court will determine the facts and calculations relevant to sentencing and decide whether to agree to be bound by this agreement. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

13. Defendant understands and agrees that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). So long as defendant does not breach the agreement, defendant may withdraw from this agreement and render it null and void if the Court refuses to be bound by this agreement. The USAO may, in its discretion, withdraw from this agreement and render it null and void if the defendant breaches this agreement or the Court refuses to be bound by this agreement.

DEFENDANT'S OBLIGATIONS

14. Defendant agrees:

    a. To plead guilty as set forth in this agreement.

      b.    To abide by all sentencing stipulations contained in this agreement.

      c.    To appear as ordered for all court appearances and obey any other ongoing court order in this matter.

      d.    Not to commit any crime.

      e.    To be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

      f.    To pay the applicable special assessment at or before the time of sentencing.

## THE USAO'S OBLIGATIONS

15. If defendant complies fully with all defendant's obligations under this Agreement, the USAO agrees to abide by all sentencing stipulations contained in this Agreement.

## BREACH OF AGREEMENT

16. If defendant, at any time between the execution of this Agreement and defendant's sentencing knowingly violates or fails to perform any of defendant's obligations under this Agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this Agreement breached, and the Court finds such a breach to have occurred, defendant will not be able to withdraw defendant's guilty plea, and the USAO will be relieved of all of its obligations under this Agreement.

17. Following a knowing and willful breach of this Agreement by defendant, should the USAO elect to pursue any charge that was not filed as a result of this Agreement, then:

      a.    Defendant agrees that the applicable statute of

limitations is tolled between the date of defendant's signing of this agreement and the USAO's discovery of any knowing and willful breach by defendant.

b. Defendant gives up all defenses based on the statute of limitations, any claim of preindictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing of this Agreement.

## LIMITED WAIVER OF APPEAL AND COLLATERAL ATTACK

18. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that the sentence is that agreed to in paragraph 9 above. Defendant also gives up any right to bring a post-conviction attack on the conviction or sentence, except a post-conviction attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

19. The USAO gives up its right to appeal any sentence imposed by the Court, including any order of restitution, provided that the sentence is that agreed to in paragraph 9 above.

## COURT NOT A PARTY

20. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations.

1    21.  This Agreement does not prevent the USAO from prosecuting any individual or other organization for any offense, including the offenses charged in the Information.

## NO ADDITIONAL AGREEMENTS

22.  Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel.  Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

//
//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

23. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This Agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

GEORGE S. CARDONA
Acting United States Attorney

*[signature]*      Mar. 12, 2007
DOROTHY C. KIM      Date
Assistant United States Attorney

As an authorized representative of defendant USA TRANSPORT, INC. ("defendant"), I have read this Agreement and carefully discussed every part of it with defendant's attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms. Defendant's attorney has advised me of defendant's rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. No promises or inducements have been made to me or defendant other than those contained in this Agreement. No

//

11

one has threatened or forced me or defendant in any way to enter into this Agreement. Finally, I am satisfied with the representation provided by defendant's attorney in this matter.

_/s/ Tary A Kerlie_      3/8/07
Authorized Representative    Date
of USA TRANSPORT, INC.
Defendant

    I am defendant's attorney. I have carefully discussed every part of this Agreement with the authorized representative of defendant. Further, I have fully advised the authorized representative of defendant's rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement. To my knowledge, the decision of defendant and its authorized representative to enter into this agreement is an informed and voluntary one.

_/s/_      3/8/07
RICHARD STEINGARD    Date
Counsel for Defendant
USA TRANSPORT, INC.

12

CERTIFICATE OF SERVICE

I, **Georgina Moreno**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT FOR DEFENDANT USA TRANSPORT, INC.**

**service was:**

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[X] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[ ] By hand delivery addressed as follows:

[ ] By facsimile as follows:

[ ] By messenger as follows: [ ] By federal express as follows:

**Richard M. Steingard**
**800 Wilshire Blvd., #1510**
**Los Angeles, CA 90017**

This Certificate is executed on **April 6, 2007** at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_____
GEORGINA MORENO